THE INDIANAPOLIS AND CINCINNATI RAILROAD COMPANY
*v.* DAVIS.

*The Peru and Indianapolis Railroad Company* v. *Bradshaw*, 6 Ind. R. 146, adhered to.

Where no valid cause of action, either at common law or by virtue of any statute, is set up in the complaint, the plaintiff is not entitled to judgment, though a verdict be found in his favor. .

Friday, June 18.

APPEAL from the *Shelby* Circuit Court.

WORDEN, J.—This was an action brought by the appellee, as the widow of *Owen Davis*, against the appellants, for causing the death of said *Owen*, who was killed upon the road of the appellants. Trial by a jury; verdict and judgment for plaintiff below. Motions for a new trial and in arrest of judgment overruled.

The action cannot be maintained at common law, and the statute which gave the widow a right of action in such case (1 R. S. 1852, p. 426), was repealed by § 784, 2 *id.* p. 205, as has already been determined by this Court in *The Peru and Indianapolis Railroad Company* v. *Bradshaw*, 6 Ind. R. 146. To this decision we adhere. Whether the appellant would be liable to the *personal representatives* of *Owen Davis*, upon the facts disclosed in this record, as provided for in 2 R. S. p. 205, § 784, is a question not before us, as the suit is not brought in such representative capacity.

May Term, 1858.

THE INDIAN-APOLIS, &c., RAILR'D CO.
v.
DAVIS.

The motion in arrest of judgment should have been sustained.

Section 372, 2 R. S. p. 121, provides that "where, upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the Court, though a verdict has been found against such party."

There being no valid cause of action set up in the complaint, either at common law or by virtue of any statute, in favor of the appellee as widow of the deceased, under the above statute she was not entitled to judgment, although a verdict had been found in her favor. *Vide Lunning* v. *The State*, 9 Ind. R. 309.

The judgment is reversed with costs. Cause remanded for further proceedings not inconsistent with this opinion.

DAVISON, J. was absent.

*J. S. Scobey, W. Cumback, W. J. Peaslee* and *J. Ryman*, for the appellants (1).

*M. M. Ray*, for the appellee.

(1) Counsel for the appellants made the following points:

1. The section of the statute under which this suit was brought, (1 R. S. p. 426, § 3,) is repealed by § 784, 2 R. S. p, 205. *Peru, &c., Co.* v. *Bradshaw*, 6 Ind. R. 146. And the repeal dates, of course, prior to the beginning of this suit.

2. But, it is well settled that in an action which is brought upon a statute, which statute is repealed before judgment in the action, and no saving clause is provided for existing actions, the repeal takes away the jurisdiction, and the subsequent proceedings of the Court are *coram non judice*, and void. *Hunt et*