MISSOURI, K. & T. RY. CO. v. WULF.

(Circuit Court of Appeals, Fifth Circuit.   December 11, 1911.)

No. 2,207.

1. DEATH (§ 31*)—ACTION—PARTIES—CAPACITY OF PLAINTIFF.

Where, under the Kansas law, as well as under the federal employer's liability act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]), the mother of a deceased railroad employé was the sole beneficiary, and entitled to all damages resulting from the negligent killing of decedent, it was immaterial, in the absence of objections in limine, whether the suit for his wrongful death was prosecuted by her individually, or as administratrix of decedent's estate, or in both capacities.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 35–46; Dec. Dig. § 31.*]

2. LIMITATION OF ACTIONS (§ 125*)—AMENDMENT—NEW CAUSE OF ACTION.

Where plaintiff sued originally as an individual to recover damages for the wrongful killing of her son, and was the sole beneficiary of the damages recoverable, the action was not subsequently abandoned or changed by an amendment taking advantage of permission of the trial

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Ind  ɔs

court to prosecute the suit individually and as administratrix of the decedent; and since the original action was brought within two years from decedent's death, it was not barred.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 542; Dec. Dig. § 125.*]

In Error to the Circuit Court of the United States for the Eastern District of Texas.

Action by Mrs. Sallie C. Wulf against the Missouri, Kansas & Texas Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Cecil H. Smith, for plaintiff in error.

Judson H. Wood, for defendant in error.

Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. [1] Under the Kansas law, as well as under the federal employer's liability act, Mrs. Sallie C. Wulf was the sole beneficiary, and entitled to all damages resulting from the negligent killing of her son, Fred S. Wulf. Therefore, in the absence of objections made in limine, it was immaterial whether the suit to recover the said damages was prosecuted by Sallie C. Wulf individually, or by Sallie C. Wulf as administratrix of the estate of Fred S. Wulf, or in both capacities.

[2] The cause of action originally sued on was to recover damages for the negligent killing of Fred S. Wulf, and this cause of action was not subsequently abandoned or changed by any amendment in the pleadings, nor by the permission of the trial court that the said Sallie C. Wulf might prosecute the suit individually and as administratrix of Fred S. Wulf; and as the suit was brought within two years from the death of said Fred S. Wulf, the statutory bar under the Kansas law or under the federal employer's liability act was not well pleaded.

On the whole case, we find no prejudicial error warranting a reversal. The judgment of the Circuit Court is affirmed.