TEXAS & P. RY. CO. v. JACKSON et al.

(Circuit Court of Appeals, Fifth Circuit. January 11, 1912. On Petition for Rehearing, February 6, 1912.)

No. 2,198

APPEAL AND ERROR (§ 193*)—DEFECTS—CAPACITY TO SUE—WAIVER.

Failure of a petition to show plaintiffs' capacity to sue must be raised by answer and is not available after trial on the merits, and hence objection to a petition for negligent death, brought by decedent's major children, on the ground that it failed to show that decedent left no widow or minor children who would be entitled to the recovery under Rev. Civ. Code La. art. 2315, not raised during the trial, is not available on motion for rehearing on affirmance of judgment for plaintiffs.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 193.*]

In Error to the Circuit Court of the United States for the Western District of Louisiana.

Action by John Jackson and others against the Texas & Pacific Railway Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

E. H. Randolph, Walker B. Spencer, Chas. Payne Fenner, and Bernard J. Mayer, for plaintiff in error.

W. P. Hall, for defendants in error.

Before McCORMICK and SHELBY, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. We are of the opinion that the record discloses no reversible error.

Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

## On Petition for Rehearing.

SHELBY, Circuit Judge. This is an action by the children of Henry Jackson, deceased, for damages for the death of their father, who was struck and killed by a train of the Texas & Pacific Railway Company. There was verdict and judgment in the court below for $1,000, which has been affirmed by this court.

It is urged in the application for a rehearing, citing article 2315 of the Revised Civil Code of Louisiana, as amended, that the defendants in error, major children of Henry Jackson, are not entitled to recover damages for his death because it was not alleged in the petition and proved that he left surviving him no widow or minor children, and that the court erred in not so directing the jury. It is true that the petition is defective in failing to state that the decedent left no widow or minor children, and that the bill of exceptions discloses no evidence on the question. There was, however, no exception taken to the petition. The defect was not pointed out to the lower court, nor was the question raised in any way before the evidence was closed. The answer consists of a general denial of all the allegations of the petition, a special denial of the charge that the defendant was guilty of negligence which caused the death, and a plea that if the defendant was guilty of any negligence, which is denied, the decedent was guilty of contributory negligence. The case was tried on these issues. If the defect in the petition now pointed out in the application for a rehearing had been suggested by an exception, the plaintiffs would, of course, have been allowed to amend. There was no issue of fact in the case as tried in the court below raising the question as to whether or not the decedent left surviving him a widow or minor children. Evidence or instructions to the jury on such issue would have been irrelevant.

A defendant cannot be permitted to plead to the merits and go to trial, and, after all the evidence is in, avail himself of a defect in the petition which could have been cured by amendment if pointed out by an exception. Where the alleged defect in the petition relates to the plaintiffs' capacity to sue, to take advantage of such defect, it must be pleaded before issue joined. When a defendant intends to resist an action by means of exception to the right of the plaintiffs to sue, he must plead it expressly in his answer. He is not permitted to avail himself of it after the trial on the merits. These rules are based on the reasonable presumption that if such defect exists as matter of fact, it would be pleaded in limine. That it is required to be pleaded in the beginning is fully sustained by the local law. Montfort v. Schmidt, 36 La. Ann. 750; Campbell v. Railroad Company, 104 La. 183, 28 South. 985; Texas & Pacific Railway Co. v. Lacey, 185 Fed. 225, and authorities cited on pages 226 and 227, 107 C. C. A. 331.

The application for a rehearing is denied.