ST. LOUIS & S. F. R. CO. v. HERR.†

(Circuit Court of Appeals, Fifth Circuit. February 20, 1912.)

No. 2,193.

**1. APPEAL AND ERROR (§ 1195*)—LAW OF THE CASE.**

Where the Circuit Court of Appeals decided that the trial court should have submitted an issue to the jury, the trial court on a subsequent trial on substantially the same facts must submit the issue.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1195.*]

**2. PARTIES (§ 59*)—AMENDMENTS—CHANGE OF PARTIES.**

Where plaintiff, who was the sole heir and administrator of decedent, sues in his representative capacity for decedent's death instead of in his individual capacity as required by statute, the court should, under Rev. St. § 954 (U. S. Comp. St. 1901, p. 696), in furtherance of justice, permit him to amend the declaration changing the capacity in which the action is brought.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 94, 165; Dec. Dig. § 59.*]

**8. JUDGMENT (§ 262*)—ARREST OF JUDGMENT.**

A defendant in an action for negligent death brought by decedent's administrator, who is the sole heir, must raise the point at the beginning that the action should be prosecuted by plaintiff in his individual capacity, and, where the point is not raised until after an adverse verdict, he cannot by motion in arrest of judgment raise the objection.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 463, 464; Dec. Dig. § 262.*]

In Error to the Circuit Court of the United States for the Northern District of Mississippi.

Action by W. A. Herr, administrator, against the St. Louis & San Francisco Railroad Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Lester G. Fant, J. W. Buchanan, Wm. C. Dufour, and H. Generes Dufour, for plaintiff in error.

James Stone and E. M. Smith, for defendant in error.

Before McCORMICK and SHELBY, Circuit Judges, and MAX-EY, District Judge.

SHELBY, Circuit Judge. [1] 1. When this case was in this court before, a statement of the facts was made by the court. 174 Fed. 938–940, 98 C. C. A. 550. The facts developed on the second trial do not differ materially from the evidence offered on the first.

The following excerpt from the opinion on the former trial shows the question that we held should have been submitted to the jury:

"For the purposes of this decision we may assume—a fact that we do not decide—that the evidence was sufficient to justify the court in holding, or the jury in finding, that Herr was negligent in his conduct. Such holding or finding would not in our opinion be conclusive of the case. If Smith, the engineer in charge of the engine attached to train No. 256, did see, or could by the exercise of ordinary or reasonable care have seen, standing on the track, the caboose in which Herr sat and on which he was killed far enough before striking it to have avoided the collision by stopping his train, the plaintiff

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied March 19, 1912.

would be entitled to recover, notwithstanding the previous negligence of Herr. The rule seems to be unquestioned that notwithstanding the person injured was guilty of negligence in exposing himself to an injury at the hands of the defendant, yet, if the defendant discovered the exposed situation of the person in time by the exercise of ordinary or reasonable care after so discovering it to have avoided the injury, and nevertheless failed to do so, the contributory negligence of the person injured does not bar a recovery of damages from the defendant." 174 Fed. 943, 98 C. C. A. 555.

The court submitted the question indicated to the jury, and there is no exception to the manner in which it was submitted. The contention is that the court should have directed a verdict for the defendant. We had already decided on substantially the same facts that the trial court should have submitted to the jury the question whether or not the defendant, by the exercise of ordinary or reasonable care after the discovery of the decedent's perilous position, could have avoided killing him. 174 Fed. 943, 98 C. C. A. 550.

[2, 3] 2. The action is brought by William A. Herr as the administrator of the estate of the decedent E. J. Herr, and it is alleged in the declaration that the decedent was a single man, that he left no widow or child or parent, and that William A. Herr, the plaintiff, was his brother and sole heir and distributee. The defendant pleaded "not guilty," and the case was tried on that issue. After verdict was rendered for the plaintiff and after a motion for a new trial was overruled, the defendant moved in arrest of judgment on the ground that the suit had been brought by an administrator when there "was in existence next of kin, to wit, a brother of plaintiff's deceased." This defense was in no way called to the attention of the trial court nor to the plaintiff before trial and verdict. The plaintiff being both the administrator and sole heir and distributee, the suggestion means that the plaintiff has sued in the wrong capacity, and that he should have sued as sole heir and distributee and not as administrator. It is urged in this court with great earnestness and ingenuity that the judgment should be reversed; that, where there is an heir, the administrator cannot sue, but the action must be brought in the name of the heir. On the trial below, and when the case was in this court on the first writ, it seemed to be assumed by both parties that this was a case in which the "legal or personal representative" of the person killed could sue. Code of Mississippi, § 4056. But, assuming that the position of the defendant is correct, that the action should have been brought by W. A. Herr individually and not as administrator (Mobile, J. & K. C. R. R. v. Hicks, 91 Miss. 273, 46 South. 360, 124 Am. St. Rep. 679), does it follow that the judgment should now be reversed? The plaintiff is both the administrator and the sole heir of the decedent. He is the person entitled to whatever is recovered by the suit. He having sued "as administrator," instead of individually, if the suggestion had been made by plea or notice that the defendant claimed that the action was erroneously brought, the declaration could, if the court sustained that view, have been amended by striking out the words, "as administrator," etc., and permitting the suit to proceed individually. While it is often held that an entire change of parties plaintiff cannot be made by amendment,

it is also held that, when a party sues in his own right, he may, if the facts warrant it, amend his declaration so as to make the suit stand in a representative capacity (Hunt v. Collins, 4 Iowa, 56; Agee v. Williams, 30 Ala. 636); and, conversely, if he sues as a representative, he may be allowed to amend by declaring in his individual capacity (Bryant v. Helton, 66 Ga. 477; Payne v. Furlow, 29 La. Ann. 160; Lucas v. Pittman, 94 Ala. 616, 10 South. 603). The federal statute provides that the court "may at any time permit either of the parties to amend any defect in the process or pleading. * * *" R. S. U. S. § 954 (U. S. Comp. St. 1901, p. 696). Where the plaintiff is both the sole heir and the administrator of the decedent and sues in the wrong capacity for damages for his death, he would, in furtherance of justice, be permitted to amend his declaration, changing the capacity in which his suit is brought. Van Doren v. Pennsylvania Railroad, 93 Fed. 260, 268, 35 C. C. A. 282.

We are of the opinion that, if the defendant wished to defend on the ground that the plaintiff sued in the wrong capacity, the defense should have been presented before a trial on the merits. If the point had been raised at the beginning, the declaration, if necessary, could have been amended. It would be manifestly unjust to permit the defendant to hold this defense in reserve to be disclosed only in the event that the jury, in a trial on the merits, found for the plaintiff. Texas & Pacific Ry. Co. v. Lacey, 185 Fed. 225, 107 C. C. A. 331; Texas & Pacific Ry. Co. v. Jackson (C. C. A. 5th Circuit) 193 Fed. 948, decided February 6, 1912; M., K. & T. R. R. Co. v. Wulf (C. C. A. 5th Circuit) 192 Fed. 919, decided December 11, 1911. In the last case cited, supra, this court held that where the plaintiff was the sole beneficiary and entitled to all the damages resulting from the negligent killing of her son, in the absence of objections made in limine, it was immaterial whether the suit to recover the damages was prosecuted by her individually or as administratrix or in both capacities.

Affirmed.