EASTERN RY. CO. OF NEW MEXICO et al. v. ELLIS et al.

(Court of Civil Appeals of Texas. Amarillo. Nov. 2, 1912. On Motion for Rehearing, Feb. 22, 1913. Modification of Opinion on Rehearing, Feb. 24, 1913.)

1. COMMERCE (§ 8*)—EXCLUSIVE LEGISLATION —DEATH—ACTIONS FOR CAUSING.

The Federal Employer's Liability Act of April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), supersedes state legislation and is paramount and exclusive as to the right of recovery for the death of a railroad employé, where the company at the time and place of the accident was engaged in interstate commerce.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 5; Dec. Dig. § 8.*]

2. DEATH (§ 31*)—ACTIONS FOR CAUSING— PERSONS ENTITLED TO SUE.

Under the Federal Employer's Liability Act of April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, c. 1322), giving a right of action for damages in case of death to the personal representative of deceased, for the benefit of the surviving widow or husband and chil-

dren, the action must be brought by the personal representative and cannot be brought directly by those to be benefited by the recovery.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 35, 37–46, 48; Dec. Dig. § 31.*]

On Motion for Rehearing.

3. PARTIES (§ 76*) — CAPACITY TO. SUE — WAIVER OF OBJECTIONS.

An objection that an action for death under the Federal Employer's Liability Act of April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), should have been brought in the name of the personal representative instead of in the name of the widow, children, and parents, was not waived by failure to raise by a plea in abatement before pleading to the merits, since the right of action is dependent wholly on statute, and the right to sue is as much a part of the cause of action as any other element.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 117–121; Dec. Dig. § 76.*]

4. EXECUTORS AND ADMINISTRATORS (§ 11*) — NECESSITY OF ADMINISTRATION.

An inchoate right to damages for death under the Federal Employer's Liability Act of April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), is a sufficient predicate for administration of deceased's estate, although he leaves no other assets.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 25; Dec. Dig. § 11.*]

Modification of Opinion on Rehearing.

5. LIMITATION OF ACTIONS (§ 127*)—COMPUTATION OF PERIOD—AMENDMENT OF PLEADINGS.

An amendment of a defective cause of action, bad on general demurrer, by amplifying it so as to state a cause of action, does not permit the bar of limitations if the cause was not barred when the first petition was filed.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

Appeal from District Court, Roberts County; F. P. Greever, Judge.

Action by Emma Ellis and others against the Eastern Railway Company of New Mexico and others. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

H. E. Hoover, of Canadian, J. C. Dial, of Miami, Chas. W. Swindall, of Woodward, Okl., and Terry, Cavin & Mills, of Galveston, for appellants. Gustavus & Jackson, of Amarillo, J. A. Holmes, of Miami, and W. F. Ramsey, of Austin, for appellees.

PRESLER, J. Appellee Mrs. Emma Ellis filed this suit in her own behalf, as the widow of W. H. Ellis and on behalf of Perry Ellis and wife, the parents of deceased, and as next friend of Dewey Ellis and Margaret Ellis, minor children, against the Eastern Railway Company of New Mexico, the Southern Kansas Railway Company of Texas, and the Atchison, Topeka & Santa Fé Railway Company, defendants, alleging: That the line of railway on which W. H. Ellis, deceased, was working, was a continuous one from Clovis, N. M., through Oklahoma, to Kansas City and other Northern points, and that the operation of such line was sometimes designated under the names, as, on from New Mexico points to Amarillo by the "Eastern Railway Company of New Mexico," and from Amarillo to the state line of Oklahoma by the "Southern Kansas Railway Company of Texas," and from that point to Kansas City and Chicago by the "Atchison, Topeka & Santa Fé Railway Company"; and it was alleged that the Atchison, Topeka & Santa Fé Railway Company was the controlling company and the others subsidiary organizations, and that all used the same employés, and that no change or distinction of any character was observed, and that an entire harmony of action existed; that the employés, including said W. H. Ellis, were working on said line from points in New Mexico through Texas to Waynoka, Okl., wherever and whenever directed by the common and joint management, and the defendants had a common, and in fact constituted one, identity and were partners. In appellee's supplemental petition it was alleged that, if in fact there was no partnership existing between the defendants, the Eastern Railway Company of New Mexico and the Southern Kansas Railway Company of Texas were liable to her because W. H. Ellis, deceased, was employed by said companies at Amarillo, Tex., and furnished with the engine which exploded, and was sent by said companies in Oklahoma, and was under their orders and direction at the time of the accident. And by trial amendment, appellee more specifically alleged that defendants were jointly operating the line of railway and it owed deceased the duty of furnishing a safe engine for operation, which was not done in the employment of deceased at Amarillo, and that he had been sent into Oklahoma at the time of the accident. The negligence alleged was that the engine and boiler were old, worn, and defective and had not been properly and carefully inspected, and that the inspectors who pretended to inspect the engine were careless, inexperienced, and incompetent, and said engine at some prior time had been fired without water in the boiler, resulting in overheating and expanding the interior walls, bolts, and adjustments in the fire box, resulting in impairing and weakening the stays, bolts, bottoms, sides, crown sheets, and parts of the fire box, flues and other parts of the boiler, a more particular description of the defects, imperfections, and injured condition of said engine plaintiff was unable to give on account of not being familiar with the technical terms and construction of a locomotive engine, all of which defects, imperfections, and injuries to said engine were known to defendants, or could have been known by them by the exercise of ordinary care; that the explosion resulted solely from the worn, weakened, and defective condition; that if

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

the explosion resulted from low water, appellants were negligent in the construction and equipment of the engine because not equipped with a fusible plug or other appliance in the fire box to protect it from becoming overheated and low water over the crown sheet; that a fusible plug or similar appliance would have automatically protected the boiler from overheating and low water and all causes which could result in an explosion; that the fire box was an old type considered unsafe and dangerous; that the fire box had been patched, rebuilt, and was defective and dangerous. Appellee, also in her first supplemental petition, pleaded that this suit is regulated by the Federal Employer's Liability Act of 1906 (Act June 11, 1906, c. 3073, 34 Stat. 232 [U. S. Comp. St. Supp. 1911, p. 1316]), as well as the act of 1909 of this state (Acts 31st Leg. [1st Ex. Sess.] c. 10).

Defendants, in their first amended original answer, upon which the case went to trial, answered by demurrer to the jurisdiction of the court, because the petition showed upon its face that the district court of Roberts county had no jurisdiction to hear and determine the case, and two special exceptions to the jurisdiction of the court to hear and determine the cause, and by special plea to the jurisdiction, and also in bar of plaintiff's cause of action, also by general demurrer to the petition and five special exceptions, general denial, plea of contributory negligence and of assumed risk, and thereafter further answered by their first supplemental answer, filed by way of replication to appellee's first supplemental petition, setting up by exception that "if the plaintiff's right of action is under the Federal Employer's Liability Act of 1908 (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), as stated by plaintiff in said so-called pleadings, then, under said act, as measured by all of plaintiff's pleadings, she cannot recover in this said suit because under said act the right of recovery is limited to the personal representative of the deceased, W. H. Ellis, and this suit, as shown by the pleadings, is not so prosecuted, and therefore under the law invoked plaintiff has no right of recovery," and prayed for judgment dismissing the action.

Appellants' demurrers and exceptions having been overruled, the case proceeded to trial before a jury, resulting in a verdict and judgment in favor of appellee and the minor children of deceased, against all the defendants, from which judgment appellants duly prosecute this appeal, and, upon errors assigned, ask that said cause be here reversed and rendered for appellants.

[1] Under the view we take of this case, as presented by the record and briefs of counsel, we do not deem it necessary to consider consecutively the various assignments of appellants, many of which are devoted to the contention that appellee cannot recover or maintain her suit under the laws of Oklahoma, which contention is in our opinion foreign to the merits of this appeal. While appellee, in her supplemental petition, alleges that she has a right of action, both under the federal statutes of 1908 and of the statute of the state of Texas of 1909, we think that there can be no question as to the fact that her case, as shown by her pleading and admitted in her brief, is based upon and controlled by the federal statute of 1908, known as the Federal Employer's Liability Act. At common law, she would have no right of action for the injury complained of, and while both Texas and Oklahoma, by statute, provide for the survival of this character of cause of action and for maintenance of this character of suit, it is well settled, as conceded by both appellee and appellants, that the Federal Employer's Liability Act referred to supersedes such state legislation and is paramount and exclusive where it is shown, as in this case, that appellant, as a railway corporation, was engaged in interstate commerce at the time and place of the accident, resulting in the death of its employé, the deceased. This question is so well settled as to hardly require a citation of authorities. Mondou v. N. Y., N. H. & H. R. Co., 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44, decided January 15, 1912; Gutierrez v. E. P. & N. W. R. Co., 102 Tex. 378, 117 S. W. 426; El Paso & N. E. Ry. Co. v. Gutierrez, 215 U. S. 87, 30 Sup. Ct. 21, 54 L. Ed. 106; State v. T. & N. O. Ry., 124 S. W. 984; State v. C., M. & S. P. Ry., 136 Wis. 407, 117 N. W. 689, 19 L. R. A. (N. S.) 326; State v. Missouri Pacific Ry. Co., 212 Mo. 658, 111 S. W. 500.

[2] Appellants, under their fourth assignment, contend that if plaintiff's cause of action was based upon the Federal Employer's Liability Act of 1908, as shown by the pleadings, the same is not maintainable thereunder, because said act specifically limits the right of recovery by suit to the personal representatives of the deceased, and that this suit, which shows upon its face to be brought under the act by the surviving relatives, is not maintainable and should be dismissed on demurrer, and that the court therefore erred in not sustaining appellants' second special exception, contained in their first supplemental answer to appellee's trial amendment and first supplemental petition.

Appellee, in reply to this contention, insists that the right of appellee to maintain this suit in the form and manner instituted can only be questioned in limine by a plea in abatement or by special exception filed and urged in due order of pleading before an answer to the merits, and that, appellants having filed their amended answer and pleaded to the merits of the suit, they thereby waived any objection to appellee suing as plaintiff at the time the supplemental answer was filed, and also further that appellee and her minor children, who recovered a

judgment, were the real beneficiaries, and that a suit by a personal representative of W. H. Ellis, the deceased, would have inured to their use and benefit. We are of the opinion, in view of the holding of the Supreme Court of the United States, in the case of American Railroad Company of Porto Rico v. Birch, 224 U. S. 547, 32 Sup. Ct. 603, 56 L. Ed. 879, decided May 13, 1912, construing the federal statutes referred to, that appellee cannot, in the capacity in which she sues maintain this suit. In the case referred to, it was there contended that the widow and son of the deceased railway employé could maintain in their own names and personal capacity an action for damages, under the Federal Employer's Liability Act in question; the court in an opinion by Justice McKenna saying: "In the original complaint, defendant in error alleged that she was the widow of the deceased. To this a demurrer was filed, alleging as a ground that the complaint did not 'state in what capacity' she sued. Thereupon an amendment was directed and made, as we have indicated. In the amended complaint she joined with her Ernest Victor Birch, alleging him to be the son and herself the widow of the deceased. By agreement of the parties, the demurrer to the original complaint was considered as a demurrer to the amended complaint, and as such it was overruled. The record shows that at the trial the plaintiffs presented, against the objection of the company, a certificate from the proper insular court, 'in which it was certified that the plaintiffs in the action were the legal heirs of the deceased.' Subsequently the court, in passing on and overruling a motion of the company for direction of a verdict for it upon the ground that the suit was not 'brought by any person authorized under the national employer's liability act to bring suit,' said 'that the suit being brought under the act of Congress of April 22, 1908, it is properly brought in the name of the only persons for whose benefit any recovery could be had, and it is the opinion of the court that the words in section 2 of the act in question, "to his or her personal representative," cannot be construed to mean that it is necessary, in cases where only the husband or wife could inherit and are the only survivors, that they be forced, in the absence of any estate belonging to the deceased other than his right to sue, to have an administrator appointed.' But the words of the act will not yield to such liberal construction. They are too clear to be other than strictly followed. They give an action for damages to the person injured, or, 'in case of his death, * * * to his or her personal representative.' It is true that the recovery of the damages is not for the benefit of the estate of the deceased, but for the benefit 'of the surviving widow or husband and children.' But this distinction between the parties to sue and the parties to be benefited by the suit makes

clear the purposes of Congress. To this purpose we must yield, even if we could say, as we cannot, that it is not a better provision than to give the cause of action to those in relation to the deceased. In the present case it looks like a useless circumlocution to require an administration upon the deceased's estate, but in many cases it might be much the simpler plan and keep the controversy free from elements but those which relate to the cause of action. But we may presume that all contending considerations were taken into account, and the purpose of Congress expressed in the language used. * * * The national act gives the right of action to personal representatives only."

Appellee, however, contends that while the act of Congress provides that the suit should be brought by a personal representative, yet the most that can be said for this provision is that it is a direction, a matter of procedure, and only a formality, and, such being the nature of the provision, when it is not observed in the filing of suit, then by analogy from all kindred legal questions, civil or criminal, timely objection must be made thereto and the party given an opportunity for correction, and that appellants, having failed to raise this question by formal plea in abatement, filed in due order of pleading, must be held to have waived the same. And in support of this contention we are especially cited, among other decisions, to the opinion of the Court of Civil Appeals, in the case of S. L. & S. F. & T. Ry. v. Seale, 148 S. W. 1099, and the opinion of the United States Circuit Court of Appeals, in the case of M., K. & T. Ry. Co. v. Wulf, 192 Fed. 919, 113 C. C. A. 665. Both of these cases, however, we think are distinguishable on the facts from the case before us. In the Seale Case, Chief Justice Rainey, speaking for the court, says, on rehearing: "Appellant insists that the facts in this case bring it within the act of Congress, approved April 22, 1908, known as the Federal Employer's Liability Act, and the same is controlled by its provisions. As said by Mr. Chief Justice Brown, in the case of M., K. & T. Ry. Co. v. Blalack (Sup.) 147 S. W. 559, recently decided, 'this court has never questioned that the Constitution of the United States and the laws enacted by Congress in the exercise of powers derived from that Constitution are superior to the laws of this, on the same subjects.' We are of the opinion, however, that the facts in this case do not bring it within the purview of the federal statute. The deceased was run over and killed by a switch engine, operated in the yards of appellant, in Sherman, Tex. He was working under T. A. Gribble, who was chief clerk out at those yards and in charge of the same. Deceased's work was done in connection with the clerk's in the yards and with the switch crew." He then proceeds to further set out the evidence, tending to show, and in support of the hold-

ing that the facts of that case do not bring it within the act of Congress; while in the case before us, both upon the facts and the admission of appellee in her pleading, there is no room for controversy as to the suit being based upon and controlled by the act of Congress, which we are of the opinion by its express terms, and as an essential part of the act, permits suit to be maintained thereunder, as held by the United States Supreme Court, in the Birch Case, supra, only by a "personal representative." And we are inclined to the opinion that this requirement is such essential part of the act that it cannot be waived by failure on the part of appellants to raise the question by formal plea in abatement, filed in due order of pleading, but that such objection to the capacity in which appellee sued could be raised, as was done by exception, at any time before a trial had on the merits and judgment rendered. In the case of Holliman v. Rogers, 6 Tex. 97, Justice Lipscomb, speaking for the court, says: "Should it be said that a defect of parties can only be taken advantage of by plea in abatement, the answer is that the general rule that exceptions to parties should be taken advantage of by a plea in abatement, giving to the party a better writ, is subject to exceptions, and one of these exceptions is that a defendant may take advantage of such defect in a party plaintiff on the trial, if it should appear from the evidence, although not pleaded. Not so, however, as to a want of proper parties defendant. This the defendant must show by his plea and give the names of the parties that should have been joined with him." It is to be noted also that the Wulf Case, as well as the Seale Case, and other cases cited by appellee, in support of her contention of waiver, as hereinbefore set out, were not decisions rendered either by the Supreme Court of this state or of the United States, but by intermediate courts, and that these decisions were rendered before the decision of the Supreme Court of the United States in the case of the American R. R. Co. v. Birch, supra, construing the federal act in question.

We therefore conclude that, under the law and upon the record of this case, it clearly appears that appellee was not entitled to maintain her suit as brought, and, on her incapacity to maintain said action being brought to the attention of the court by the exception referred to under appellants' fourth assignment of error, that said exception should have been sustained, and it is ordered that the judgment appealed from be here reversed, and the cause remanded.

Reversed and remanded.

## On Motion for Rehearing.

HENDRICKS, J. [3] The insistence and ability with which this matter is presented, accompanied by the citation of additional authorites, with additional reasons advanced

in favor of appellee's position, whose judgment this court reversed, actuate us in reviewing this case.

The parties to this action in all the proceedings before this court construe the case as one based upon the Employer's Liability Act of Congress, and an examination of the whole evidence places the litigation within the purview of that statute; hence, without quoting authorities on that subject, which seem to be numerous, the act of Congress is the measure of the rights of the parties and is exclusive.

Appellee persuasively contends that, as the only beneficial parties of this action are also the nominal parties to the suit, the prescription in the statute, denominating the personal representative as the party to bring the action, is a matter which may be waived. We think, necessarily assuming as the logic of that position, that the capacity of the party to bring the suit is not as much a substantive element of the cause of action as the liability of the employer in the event of the death of the employé, under the other conditions named in the statute. It appears to us that the appellee departs from the plain reading of the statute, and that it is a case of a total want of a legal right in a suitor to maintain an action in relation to a litigated matter which would cause the whole action to fail on account of the failure of one of the substantive elements—as much so as a failure resultant from a lack of compliance with any other essential element of the statute.

Stripped of unnecessary parts of the act, inappropriate to the particular question involved, the written law simply and unambiguously states that the common carrier *shall be liable in damages to the personal representative* of the deceased employé, for the benefit of the surviving widow and children of such employé, and names no other person in the statute who has the capacity to sue for damages permitted by the same. We think the analysis of the decisions referred to by appellee to sustain his position in this matter, where the plaintiff's capacity to sue was questioned and waived on account of failure of objection in limine, that the statutes construed gave the right to the party to sue as plaintiff in the action under certain conditions, although not the proper party at the stated time and under the conditions under the peculiar phraseology of the act (except the Wulf Case, which we will notice later). For example, in the case of Railway Company v. Jackson, 193 Fed. 948, 113 C. C. A. 576, cited by appellee, in the enforcement of his doctrine, the action was brought by the "major children" of Henry Jackson, for the recovery of damages for their father's death. It having been objected to that it was not alleged and proved that the deceased did not leave a surviving widow or minor children, and this objection not having been raised during the trial, it was not available

on motion for rehearing. The Louisiana act, under consideration in that case, conferred the right on the major children to sue as well as upon the widow and minor children, and we think it is easily to be seen why it is a matter of procedure and not of substantive right in a case of this character. Underwood v. Gulf Refining Co., 128 La. 968, 55 South. 646, for the terms of the statute.

The United States Circuit Court, in the Jackson Case, supra, refers to the case of Montfort v. Schmidt, 36 La. Ann. 750, where the Supreme Court of that state held that an exception to plaintiff's want of capacity to sue cannot be pleaded after answer filed; and this latter case (where the father was suing, representing his minor child), drew the distinction and · clearly announced another rule "where there is a total want of any legal right whatever in the suitor" to maintain the suit, which rule is rather clearly enunciated in the syllabus in the case of Union Bank v. Dunn, 17 La. 236 (and referred to in the Montfort Case), where the Supreme Court of that state again held that "an exception which goes to the absolute want of any right in the plaintiff to stand in judgment in any matter may be pleaded after issue joined on the merits, or at any stage of the cause." This was an action brought by the "president and board of directors of the Union Bank of Louisiana at Clinton," upon a negotiable promissory note, and it was insisted in that matter that a final judgment rendered thereon would be res adjudicata because the note was indorsed in blank and the party paying the amount of the note to the possessor of the same would be protected; but the court says "that it does not follow that the right of a plaintiff to stand in judgment cannot be excepted to because the suit is brought on a negotiable instrument; that the right to sue as owner which results from the negotiability of the note is very different from the capacity to sue, and the plaintiff, having no existence as a corporation, cannot sue and be sued in a court of justice"; hence, when the Circuit Court announced in the Jackson Case, relied upon by the appellee, that the objection in that case should have been "pleaded in the beginning," and that it "is fully sustained by the local law," an analysis of the local law does not mean a waiver where there is a total want of the suitor to maintain the suit, for the reason that the local law would not sustain the position, for in that character of case, under the law of Louisiana, the objection may be made at any stage of the proceeding; hence we believe appellee must be contending for the proposition of waiver in cases where there is a semblance of right given by law to sue, but not in cases where there is a total want of capacity to become a litigant; and, if so, the case cited and the reason advanced are not in point, if there is a total want of capacity in the wife in this case in suing for herself and children under the Employer's Liability Act. The appellee again says, "The whole matter is one of pleading and procedure," and cites the case of Troxell v. Railway Company (C. C.) 185 Fed. 540, where it was held that "a judgment in a suit under a state statute, brought by plaintiff in behalf of herself and her minor children, for the negligent death of her husband, bars a subsequent suit by her as administratrix under the Federal Employer's Liability Act; the difference in the capacity in which she sued not affecting the identity of the parties to the suit." In the argument, appellee further contends, "In that case the suit by Mrs. Troxell, in her individual right, brought in the state court, was decided against her, and she then brought suit as administratrix in the federal court."

A close consideration and analysis of that case we believe evinces a lack of application to the case at bar upon any principle contended for—the analogy does not exist. The former suit and judgment pleaded by the railroad company against her recovery in the latter case and the one cited by appellee were not brought in the state court, and in the former case verdict and judgment were rendered in her favor for over $7,000, which, upon a motion for new trial, and for judgment non obstante veredicto by the railway company, the verdict and judgment were sustained by the Circuit Court of the United States, and also sustained as the plea of res adjudicata, in the latter case against the railway company, which was based entirely upon the Federal Employer's Liability Act of Congress, and in which case she sued as the personal representative under the provisions of that law.

In the former case she sued for damages for the wrongful death of her husband, for the benefit of herself and children, permitted by the Pennsylvania statute; the Circuit Court obtaining jurisdiction on account of her nonresidence. In the first case, at the trial it was shown at the time of Troxell's death he was pulling a train as locomotive engineer, in which were "some cars containing property in interstate commerce and others engaged in intrastate commerce," and the court held "that where the carrier is engaged in intrastate and interstate commerce, and negligently caused the death of an employé in similar employment, the personal representative of the decedent may institute a suit under the federal act, or action may be brought under a state act which is not in conflict with the federal act." This first case will be found in (C. C.) 180 Fed. 876. In the latter case, where the former judgment was pleaded in bar, Mrs. Troxell sued as personal representative, but based the action, however, upon exactly the same state of facts and attempted to again recover in the same court upon the Employer's Liability Act of Congress. The court having permitted her to recover in the former case, in an indi-

vidual capacity, predicating the action and judgment, however, solely upon the state statute, held that, where both questions of intrastate and interstate facts were blended and intertwined, it would not permit another recovery in another suit by attempting to sue in a different capacity and base the action upon a different act. The Circuit Judge complicates an understanding of the last opinion by saying that the former case of recovery, based upon interstate act, was decided against her, which probably led appellee into error in making the statement. It was really decided in the former trial that she could recover in the federal court upon the state act, and the court treated the allegation of interstate commerce in the former petition as surplusage and overruled defendant's motion for new trial and for verdict, holding that where the business is blended, state and interstate, a suit upon the state act in an individual capacity will lie; but that the judgment in all other cases upon the same facts is conclusive. While it was said in that case that the difference in the capacity in which she sued did not affect the identity of the parties to the suit, the real case, upon an analysis having been so properly decided upon its merits, loses its force for any other purpose whatever in this matter.

The case of Railway Company v. Herr, 193 Fed. 950, 113 C. C. A. 578, based upon the statute of Mississippi, was one brought by Herr, as administrator of the estate of his deceased brother, against the railroad for damages; the plaintiff in this litigation having been the sole survivor entitled under the law as the beneficiary of the suit. An inspection of the Mississippi Code gives the personal representative the right to sue for the benefit of the estate when there is no survivor; otherwise, the survivor, where existent, has that capacity. Like the Jackson Case, Herr could sue—he was in a class designated by the statute for that purpose, and in this litigation "on the trial below, and when the case was in this court, on the first writ, it seemed to be assumed by both parties that this was a case in which the personal representative of the person killed could sue"; but the court further held that, if the heir was the proper one to sue, the defense should have presented the ground before a trial on the merits. In that case that court was impressed to some extent with the fact that the plaintiff was both administrator and sole heir and was entitled to whatever was to be recovered by the suit, and stated that, if objection had been made, the declaration could have been amended. This is the strongest case, we think, in appellee's favor. Without dodging, it is considerably persuasive of the position assumed by appellee; but, however, in that case, it required evidence to disclose Herr's want of capacity. He did have a capacity to sue if the evidence had placed him as administrator within the purview of the Mississippi

Code, without any other survivor of the suit. If Congress had not said in its acts that the liability of the railroad company was to the personal representative, and had gone further and declared, if there was no personal representative, the widow and children of the deceased employé may sue, then we would have the Herr Case, different in its status; but the analogy would have been complete.

The question is: Does it constitute a cause of action at all where other parties sue (who, however, may be the beneficiaries) where the statute designates the liability to another party and who is in effect denominated in the statute as the only party to bring the suit; no other persons or class of persons having been designated as suitors? We do not see how it can assist the appellee because the widow and children happened to be the beneficiaries of the act. When the liability is one solely dependent upon the statute, it does not exist until the written law gives it. The question goes to the very gist of the action. Take this kind of a case in our own state: Two beneficiaries of a cause of action, father and daughter, sue the railroad company for damages for the death of the wife and mother. There are three other daughters not mentioned in the suit and whose existence is first discovered by the evidence in the case. Under our statute, as well as under Lord Campbell's Act, upon which they are all based, the "surviving husband and four daughters had a right of action against the railroad company. * * * The statute gives the right of action to all the parties to recover one sum, and under the statute there can be but one action." The Supreme Court of this state says that such a verdict as was rendered in that case for the two beneficiaries of the act cannot stand. "Five parties were entitled to sue, but two alone brought suit for themselves and recovered the damages without any notice being taken of the other three." The court said, "The error goes to the very foundation of the action;" and, if the question here involved goes to the very foundation of the action, we believe the Supreme Court in that case, speaking through Justice Brown, explodes the fallacy of appellee's contention in this case, although the facts are different and the consequences diverse, but the principle is the same and the analogy similar. Railway Co. v. Mertink, 101 Tex. 165, 105 S. W. 485. The act required it in that case, and required it in this. In a sense it is one of parties, but, according to appellee's theory, you could not take advantage of it because the question was not raised in limine. The truth is, we think, this is a case involving one of statutory construction where a party attempting to sue is entirely omitted from the statute, and is a case where a right asserted is dependent wholly upon the statute, and the right to sue may be just as

much a part of the whole cause of action as any other element where the statute is susceptible of an exclusive construction.

In this kind of a case we believe, where the. right created is purely statutory and never existed under any law, the right to sue would be just as much exclusive if no other persons were named in the act as having that capacity although to be benefited by it, as the party sued, who, if not named in the act, could certainly not be held in damages, with reference to the capacity to sue. We believe that is what the Supreme Court of the United States meant in the Birch Case, decided May 13, 1912, when it said, "The national act gives the right of action to personal representatives only," although the question was timely raised in that case against the widow, who was attempting to maintain the suit. Analogously, where in this state a receiver of a railroad company, before the amendment of the law, was attempted to be sued, in a death case, although not mentioned in the act, the Supreme Court of this state, invariably where the question was raised in any manner, refused to consider the action. No reason of failure could be given, in that character of cases, why a receiver was not named in the act, permitting a suit against "charterers," "owners," or "proprietors" of railway companies; but as it was a case of omission not comprehended within the language of the act, and failed to give a remedy which ought to have been given, the courts "for such reasons are not authorized to place on them (the words of the act) a forced construction for the purpose of mitigating a seeming hardship imposed by statute or conferring a right which the Legislature had not thought proper to give. It is the duty of a court to administer the law as it is written, and not to make the law; and however harsh a statute may seem to be, or whatever may seem to be its omission, courts cannot, on such considerations by construction, sustain its operation, or make it apply to cases to which it does not apply, without assuming functions that pertain solely to the legislative department of government." Chief Justice Stayton said in that case that: "It may be different to perceive a good reason why an action should not exist for an injury resulting in death caused by the negligence of a receiver while operating a railway under order of court, as for an injury to a passenger not resulting in death, and subject to the same restrictions as to the matter and fund from which a judgment recovered should be satisfied; but this furnishes no reason why the right of action should exist in the one case and not in the other, *where in the one the right does not exist unless given by statute, while in the other the right of action exists without a statute conferring it.*" Chief Justice Stayton further says "that such actions as that before us stand on the statute which gives the right of action." Turner v. Cross, 83

Tex. page 228, 18 S. W. page 581, 15 L. R. A. 262. To the same effect is the decision of Associate Justice Williams, in the case of Lipscomb v. Railway Company, 95 Tex. 5, 64 S. W. 923, 55 L. R. A. 869, 93 Am. St. Rep. 804, where he held that Revised Statute, art. 3017, giving an action for a death caused by the negligence of a proprietor, owner, charterer, or hirer of any railroad or other vehicle for the conveyance of goods or passengers, gave no action against an express company, which under contract had a particular car in a train exclusively controlled by railroads. Of course this was a death case, and the Supreme Court said in that case: "The action must stand or fall by the terms of the statute, which cannot be extended to include cases omitted from its provisions."

The only other case we care to notice, urged by the appellee in this matter, is that of Missouri, Kansas & Texas Railway Co. v. Wulf, which is so short and general in its statements and brief in the matter discussed, we are unable to ascertain the very facts upon which the case was decided. That court said that: "Under the Kansas law, as well as under the Federal Employer's Liability Act, Mrs. Sallie C. Wulf was the sole beneficiary and entitled to all damages resulting from the negligent killing of her son, Fred S. Wulf. Therefore, in the absence of objections made in limine, it was immaterial whether the suit to recover the damage was prosecuted by her individually or in both capacities." We fail to understand how, under the decisions of the federal courts, with reference to the power of Congress and the powers of a state, and especially the late opinions upon the Employer's Liability Act, an action could be based upon both acts or a recovery could be had in both capacities. We presume, of course, the Circuit Court did not hold that. We can understand why a party plaintiff could sue as administratrix under this act also individually under a state law, and, whichever way the facts measure the rights of the party, the recovery would be based upon either one or the other statute, and it may become immaterial if a judgment were rendered if the facts supported either cause of action, in the absence of objections made in limine. The court in that case held that, as the bar of the statute of limitations was the same in both statutes— that is, two years from the death of the employé—it was not well pleaded, and that the judgment should stand. In that case she seems to have sued individually, in the original suit, and she was permitted to amend as administratrix of the estate of her deceased husband. The significance of any principle therein involved is not apparent, as bearing upon the real question in issue herein.

[4] Again, it will not do to say that, because there is no estate of the decedent other than the cause of action itself, there can be no administration, and hence no personal representative, for the reason that it is now

definitely settled, we think, that the inchoate right to the damages alone constitutes a sufficient predicate for the administration and we refer to the following well-reasoned case of the Court of Civil Appeals of the El Paso District, wherein other decisions are cited, amply sustaining the rights of administration. Quoting from the case of S. Pac. Ry. Co. v. De Valle De Costa, 190 Fed. 689, 111 C. C. A. 417, this principle is stated: "If a statute designates the personal representative as the proper plaintiff, to limit the right (of administration) to cases in which the deceased left assets, other than the right of action, would introduce an unreasonable and arbitrary distinction." Rivera v. Railway Co., 149 S. W. 227.

We do not think that the cases cited by appellee squarely present the direct issue, where only one person is designated in a statute to sue, as in this congressional act, without mentioning others in a different class, who may under certain conditions maintain a cause of action, and hence upon this proposition for the purpose of more clearly enforcing the doctrine we are contending for, it being solely a statutory right depending upon liability solely created by statute, we quote the following cases we think in point:

At a time when the Supreme Court of Ohio passed upon a similar question, the statute of that state prescribed the prosecution of the action as follows: "Every such action shall be brought by and in the name of the personal representative of such person and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such person," omitting other provisions of the act not germane to this discussion. This provision of the statute will be found in the case of Lyons, Administrator, v. Cleveland & Toledo Railway Co., 7 Ohio St. 339, 70 Am. Dec. 75.

Affecting this particular question, and the construction of this act, in accordance with the view we are contending for, the case of Weidner v. Rankin, 26 Ohio St. 522, decided by the Supreme Court of Ohio, arose in the following manner: The plaintiffs in the action were a widow and children of the deceased; the suit resulting in a verdict and judgment for the plaintiffs. "Afterward, at the same term, the defendants moved the court to vacate the judgment, and, notwithstanding the verdict of the jury, to render judgment for the defendants, on the ground that the plaintiffs were not authorized to sue on the cause of action set out in the petition." The above motion was overruled. It seems, however, that the widow, who had been appointed administratrix, was ordered by the court, on her motion, to be made a party plaintiff, to which action of the court the defendants excepted, and the district court reversed the judgment and dismissed the suit. The appellant contended "if the action was not well brought, the defendants, by failing to make the objection by special demurrer or answer, have waived it." The appellee contending that "this is not a case of want of capacity to sue nor defect of parties plaintiff in the sense supposed by plaintiff's counsel," that "it is a want of cause of action." The court, in passing upon these questions directly raised, decided that: "Under the statute, the right to bring the action is vested in the personal representatives of the deceased; and the widow and next of kin cannot maintain such action in their own names. The amount recovered in such action is for the exclusive benefit of the widow and next of kin and is to be distributed among them in the proportions provided by law in relation to the distribution of personal estates of persons dying intestate." This court further announced: "A good petition must contain a cause of action in favor of the plaintiff, and, when it does not show such cause of action, the objection is not waived by the failure of the defendant to demur, although the facts stated may constitute a cause of action in favor of a person not a party to the suit."

In the following case, decided by the Supreme Court of Indiana, it seems there was a motion in arrest of judgment, which that court says should have been sustained. This was an action, brought by the widow for the death of her husband, who was killed by the defendant railway company, and it seems that the statute prescribed at the time this suit was pending that, "when the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter if the former might have maintained an action, had he lived, against the latter for an injury for the same act or omission," and the damages "must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased." The Supreme Court of Indiana, in this case, declared "that the action cannot be maintained at common law," and that the motion in arrest of judgment should have been sustained; the court further holding: "There being no valid cause of action set up in the complaint, either of common law or by virtue of any statute in favor of the appellee as widow of the deceased, under the above statute, she was not entitled to judgment, although a verdict had been found in her favor." Railway Company v. Davis, 10 Ind. 398.

At the time that the following case was decided by the Supreme Court of Pennsylvania, passing upon a New Jersey act, it seems that the statute of the latter state made persons and corporations liable for the death of a person caused by their neglect, if they would have been liable had death ensued; and section 2 of said statute provided:

"That every such action shall be brought by and in the names of the personal representatives of such deceased persons. The amount received in every such action shall be for the exclusive benefit of the widow and children of such deceased person," etc. The action was brought in this case by the widow of the deceased, and the Supreme Court of Pennsylvania said, after quoting that part of the act prescribing personal representative to bring the suit: "As this language is entirely clear, unqualified, and peremptory, it would seem to settle the question without more. But it is sought to escape this conclusion by insisting, first, that as the amount recovered is to be for the exclusive benefit of the widow and next of kin, the widow may be allowed to sue for it in her own name; and, secondly, that the second section concerns only the remedy, and therefore may be disregarded by the courts of Pennsylvania, who may administer the rights of the lex loci under the procedure of the lex fori." The court further said as to the first ground: "There is no room for latitude of construction. The meaning of the language used is plain and unambiguous, and its directions mandatory. It is an established rule that statutory remedies are to be strictly pursued, and we have no right when the Legislature have commanded one form to say that another will serve the purpose equally as well." And that court, in passing upon the second position of the appellant in that case, with reference to the right being determined by the law of the forum, used this appropriate language to this particular question here involved, in passing upon the two sections of the New Jersey statute, giving the right and remedy: "Together, they give the liability, the right, the party to enforce the right, and the party entitled to the benefit; and they give all these together by plain words which constitute one ground, to wit, an action to be enforced as given, and not capable of being split up into different rights with varying remedies according to the tribunals in which they may chance to be asserted." Usher v. West Jersey Railway Co., 126 Pa. 206, 17 Atl. 598, 4 L. R. A. 261, 12 Am. St. Rep. 863.

A careful reading of the case of Harshman v. Northern Pacific Railway Co., 14 N. D. 69, 103 N. W. 412, decided by the Supreme Court of North Dakota, we think directly decides the same question invoking the same principle asserted by us in this case. The statute of North Dakota declared that the beneficiaries of the act giving damages for wrongful death belonged to certain classes; that is, the surviving husband or wife, if any; second, the surviving children, if any; third, the personal representative. The decedent in this instance was only 18 years of age, and the court said that, "the right of action having been given to three classes of persons that we are bound to know, because of the extreme youth of the decedent, there

was no surviving wife or surviving children, and that the only remaining person who could maintain this action under the statute is the personal representative." However, it was contended in that case by plaintiff that inasmuch as he was the sole heir, and as such entitled to any sum which may be lawfully recovered, the verdict in his favor should be sustained. The court, however, said: "It may be and probably is true, as counsel for plaintiff contend, that the defendant's general objection to the introduction of evidence, as well as the ground stated for granting a directed verdict, did not definitely apprise the trial court or opposing counsel of the nature of the objection now being considered; but that does not affect our right to consider it. This is not a case where the cause of action is substantially but defectively stated and in which the defect could be cured by amendment. The complaint in this case not only does not state a cause of action, but it shows upon its face that it cannot be made to state a cause of action." And the court, further commenting upon this proposition, states: "This case is not one of defect of parties or want of legal capacity to sue. It is purely a want of a cause of action. The objection that a complaint does not state a cause of action calls in question, not only the sufficiency of the facts stated in the complaint to constitute a cause of action, but also the right or authority of the particular plaintiff to institute or maintain a suit upon such a cause of action."

Believing that our position in this matter is correct upon the substantive law of the case, we refuse to impose upon the Supreme Court the burden in this matter by certification to that court, and overrule the suggestion to certify, and the motion for rehearing, and order the case reversed and remanded under the instructions heretofore given.

'Modification of Opinion on Rehearing.

[5] Since writing and filing the foregoing opinion, on rehearing in the above cause, our attention has been called to an opinion of the Supreme Court of the United States, Railway Company v. Wulf, heretofore cited (as decided by the Circuit Court), 226 U. S. 570, 33 Sup. Ct. 137, 57 L. Ed. —, holding that a cause of action of this character, where the beneficiary of the same brought the suit, and amended it by interposing her status as administratrix that the same could be amended in that respect; and that it was not equivalent to a commencement of a new suit, so as to render it subject to the bar of the statute of limitations. It was insisted by the railway company in this matter, in its argument for rehearing, that we should reverse and render this cause. However, this court, upon a consideration of that phase of the case, considered a mere reversal and remanding of the same would be the proper action. An amendment of a defective cause of

action, bad on general demurrer, where amplified to state a cause of action which did not exist before, does not permit the bar of the statute if the case is not barred when the first petition is filed; and although we intended to hold in this case, and did hold, there was a lack of a cause of action, on account of the total defect of parties, and, though not squarely presented, we passed upon the amendment question to the extent of refusing to render the cause. We make this explanation in view of the language of the Dakota Supreme Court, in the case of Harshman v. Railway Co., 14 N. D. 69, 103 N. W. 412, which we quoted solely on the point involved, an amendment not being before us, but which language contains an intimation that an action of this character may not be amended, which question was not before that court, the question decided here having been the only question directly involved. Although the particular question decided by us is not decided by the Supreme Court of the United States, the language of that court in the Wulf Case reinforces our belief of the correctness of our opinion upon the question directly presented in this case.