## CINCINNATI, N. O. & T. P. RY. CO. *v.* BONHAM.*

## (*Knoxville.* September Term, 1914.)

1. **DEATH.** Injuries to servant. Actions under Federal Employers' Liability Act. Persons entitled to maintain.

Under the federal Employers' Liability Act (Act April 22, 1908, ch. 149, 35 Stat., 65 [U. S. Comp. St. 1913, secs. 8657-8665]), giving to the personal representatives of employees killed while engaged in interstate commerce a right of action for the use of named beneficiaries, including the wife and children of the deceased, the widow and sole surviving heir of a deceased employee cannot in her own name maintain an action for his death. (*Post, pp.* 440-448.)

Cases cited and approved: American Railroad Co. v. Birch, 224 U. S., 547; M. K. & T. Ry. Co. v. Wulf, 226 U. S., 570; Pedersen v. Railroad, 229 U. S., 146; Mondou v. Railroad, 223 U. S., 1; Stewart v. Railroad, 168 U. S., 445; Railroad v. Cox, 145 U. S., 593; Railroad v. Laird, 164 U. S., 393; McDonald v. Nebraska, 41 C. C. A., 278; Patillo v. Commission Co., 65 C. C. A., 508; Reardon v. Copper Co., 193 Fed., 189; Railroad v. Wyler, 158 U. S., 285.

2. **COMMERCE.** Interstate commerce. Persons engaged in.

A signalman, whose duties were connected with electric signals controlling the operations of both intrastate and interstate trains, is engaged in interstate commerce, and where he was run down while discharging his duties, an action for his death must be prosecuted under the federal Employers' Liability Act. (*Post, pp.* 440-448.)

3. **APPEAL AND ERROR.** Presentation of grounds of review in court below. Sufficiency.

Where the defendant railroad company, in an action by the widow of an employee killed while engaged in interstate commerce, moved for a peremptory instruction and made the

---

*As to who may maintain action under Federal employers' liability act, see note in 47 L. R. A. (N. S.), 73.

On the question when employees are deemed to be engaged in interstate commerce, see note in 47 L. R. A. (N. S.), 52.

Railroad v. Bonham.

denial the ground of its motion for new trial, the railroad company's contention that under the federal Employers' Liability Act the action could only be maintained by the deceased's personal representative is sufficiently presented, for the courts must be presumed to be cognizant of the provisions of the federal Employers' Liability Act. (*Post, pp.* 448, 449.)

4. APPEAL AND ERROR. Determination. Reversal.

Where it appeared from the face of the record itself that plaintiff was not entitled to sue, a judgment for her must be reversed on appeal. (*Post, pp.* 448, 449.)

5. APPEAL AND ERROR. Reversal without prejudice.

A judgment recovered by the widow of an employee killed while engaged in interstate commerce, must be reversed, where the action was instituted in her individual capacity; but it should be without prejudice to any rights the personal representative of the deceased may have under the federal Employers' Liability Act. (*Post, pp.* 448, 449.)

---

FROM MORGAN.

---

Appeal from the Chancery Court of Morgan County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—L. H. CARLOCK, Judge.

DAVIS, STAPLES & JONES, for plaintiff.

WRIGHT & JONES and WRIGHT & MORRIS, for defendant.

MR. JUSTICE BUCHANAN delivered the opinion of the Court.

Mrs. Naomi Bonham sued the railway company for damages. A jury in the circuit court found the issues in her favor, and assessed her damages at $10,000,.

and judgment was rendered in her favor for that sum. The company moved for a new trial, but its motion was overruled, and it prosecuted an appeal to the court of civil appeals. There the judgment of the circuit court was affirmed, and the case is before us on the petition for *certiorari* of the company and its assignment of errors.

Plaintiff's original declaration contained this averment in respect of the capacity and right upon which her suit was predicated:

"Plaintiff avers that the said T. F. Bonham left surviving him the plaintiff, Naomi Bonham, his wife, and who is now his widow and next of kin, and this suit is brought by plaintiff as the widow and next of kin of said T. F. Bonham, deceased, for her own use and benefit. Wherefore plaintiff sues the defendant company for $25,000 damages, and demands a jury to try the issues."

In no other capacity and right than as above set out did the plaintiff by any averment of her original declaration predicate her right to recover a judgment against the defendant in this cause.

To the original declaration, the defendant railway company interposed its plea of the general issue, to wit:

"That it is not guilty of any of the matters, wrongs, and injuries in plaintiff's declaration alleged."

The plaintiff joined issue in short upon the defendant's plea.

Later in the progress of the cause, after leave of court had and obtained, the plaintiff filed an amended declaration, and in this declaration, in respect of the capacity and right in which the plaintiff sued, there is the same averment above copied from the original declaration, and upon no other right does plaintiff base her suit, and in no other capacity does she sue, in her amended declaration, than as set out above in her original declaration. To the amended declaration the railway company also interposed its plea of not guilty.

The damages claimed by plaintiff are averred to arise on account of the death of her husband, T. F. Bonham, which occurred on April 28, 1911, in Morgan county, Tenn., in tunnel No. 23, located between Glen Mary on the north and Nemo on the south, through which tunnel the railway company's track was laid, over which track its trains were operated. At the time of his death T. F. Bonham was in the employ of the railway company, discharging the duties of an electrical signalman; his duties being to keep in proper order and repair all of the electric signals between Glen Mary and Nemo stations on the railroad line of the railway company, defendant.

In plaintiff's original declaration she averred that on the 28th day of April, 1911, and for many years previous to that time, the defendant was and now is a foreign corporation, owning and operating a line of railroad or railway from Cincinnati, Ohio, through the States of Kentucky, Tennessee, Alabama, and Mississippi, to New Orleans, La.; said company being en-

gaged in the transportation of freight trains and pas-
senger trains loaded with freight and passengers from
Cincinnati, Ohio, through the States of Kentucky, Ten-
nessee, Alabama, and Mississippi, to New Orleans, in
the State of Louisiana, as well as between all inter-
mediate stations on said line of road between Cincin-
nati, Ohio, and New Orleans, La., said company being
engaged in both interstate and intrastate commerce.
Said line of railroad passed through Morgan county,
Tenn., and defendant company has offices and agents
in said Morgan county, Tenn., and defendant company
runs trains of cars, both passenger cars and freight
cars, over its said line of road and through Morgan
county, Tenn.; said trains of cars running between Cin-
cinnati, Ohio, and New Orleans, La., and being thus
engaged in transporting both passengers and freight
between these points, and between all intermediate
stations on said road between these points, and said
defendant company being thus engaged in both inter-
state and intrastate commerce, said trains of cars being
under the control and management of conductors, en-
gineers, brakemen, and firemen, employed by defend-
ant company.   Following the foregoing averment of
the declaration, it proceeds to aver in substance the
fact that the interstate and intrastate trains of the
company were regulated and governed by a system of
electric signal stations established along the line of
railway and used in directing and controlling the op-
eration of the trains of cars of the railway company
in the conduct of its interstate and intrastate business,

and then in the declaration follows an averment of the facts attendant upon the death of plaintiff's husband, averred to have been due to the negligent operation of a train, on the date aforesaid, and while he was on the track of the defendant company, and engaged in the discharge of his duties as electrical signalman, whose duties, from the pleadings and evidence in the record, appear to have been as heretofore stated.

At the close of plaintiff's evidence, the railway company moved the court to peremptorily instruct the jury to return a verdict in favor of the defendant railway company. This motion the court overruled, to which action the railway company excepted, and thereupon the railway company declined to introduce any evidence, and the court charged the jury with the result already stated.

Among the assignments of error on behalf of the railway company in this court, the first raises the question that the railway company was entitled to the peremptory instruction in the trial court upon the ground that plaintiff, in the capacity and right in which she sued, was not entitled to maintain this suit, because under its facts it falls within the terms and provisions of an act relating to the liability of common carriers by railroads to their employees in certain cases, approved April 22, 1908 (35 Stat., 65, ch. 149, U. S. Comp. St. 1913, secs. 8657-8665), because under that act the remedy which it gives is conferred alone upon the personal representative of the deceased employee for the use of the beneficiaries named in that act.

We think the insistence of the railway company is well made. In *American Railroad Co.* v. *Birch*, 224 U. S., 547, 32 Sup. Ct., 603, 56 L. Ed., 879, the action was originally brought by persons falling within the class of beneficiaries under the act aforesaid and not by the personal representative of the deceased. The question that an action under the act of Congress could not be maintained by any person except the personal representative of the deceased was made by the railway company both by demurrer and by motion to dismiss the action and direct verdict in favor of the defendant, but that defense was overruled by the trial court, and its action in respect thereof came under review before the supreme court of the United States. Before that court it was urged on behalf of the plaintiffs that the action was properly brought in the name of the only persons for whose benefit any recovery could be had, but it was held by the court that the words of the act would not yield to such a liberal construction, that they were too clear to be other than strictly followed, that they (the words of the statute) gave an action for damages to the person injured, or in case of his death to his or her personal representative; and said the court in its opinion:

"It is true that the recovery of the damages is not for the benefit of the estate of the deceased, but for the benefit of the surviving widow or husband and children. But this distinction between the parties to sue and the parties to be benefited by the suit makes clear the purpose of Congress. To this purpose we must

yield, even if we could say, as we cannot, that it is not a better provision than to give the cause of action to those in relation to the deceased. In the present case it looks like a useless circumlocution to require an administration upon the deceased's estate, but in many cases it might be much the simpler plan and keep the controversy free from elements but those which relate to the cause of action; but we may presume that all contending considerations were taken into account and the purpose of Congress expressed in the language it used.''

The result reached by the court was a reversal of the judgment without prejudice to such rights as the personal representative might have.

Subsequent to the decision of the case last cited, there was decided by the same court *Missouri, Kansas & Texas Railroad Co.* v. *Sallie C. Wulf*, 226 U. S., 570, 33 Sup. Ct., 135, 57 L. Ed., 355, Ann. Cas., 1914B, 134, in which the action was commenced by Sallie C. Wulf in her individual capacity to recover damages sustained by reason of the death of her son, Fred S. Wulf, while in the discharge of his duties as an employee of a common carrier engaged in interstate commerce; the death resulting from the bursting of a boiler due to defects which she claimed were attributable to the negligence of the employer. Plaintiff, in that suit, averred that she was the mother of deceased, who was an unmarried man, and who left surviving him no wife or children; that his father was also dead at the time of the death of deceased, and that plaintiff was the sole

heir and next of kin and beneficiary of the estate of deceased; that there had been no administration upon the estate of deceased. The defendant, by proper pleading, set up the defense that the cause of action on its facts fell within the terms of the federal Employers' Liability Act of 1908, and denied the right of plaintiff to maintain the action in the capacity in which she sued. Thereafter letters of administration were granted to Sallie C. Wulf upon the estate of Fred S. Wulf, and she was allowed in the trial court to amend her declaration, and to prosecute the suit as the personal representative of the deceased for her individual benefit, as well as in her individual capacity. Proper exception was taken by the defendant to the amendment, on the ground that the original plaintiff had not been made a party as administratrix at the time of the filing of the original petition, and on the further ground that, when she was made a party as administratrix, more than two years from the time the alleged cause of action accrued had elapsed, and therefore the cause of action, if any, was barred by the limitation of two years prescribed by section 6 of the Employers' Liability Act. Upon this state of the record, in respect of the point in question, the court said:

"The argument for reversal rests wholly upon the mode of procedure followed in the circuit court. It is contended that the plaintiff's original petition failed to state a cause of action, because she sued in her individual capacity, and based her right of recovery upon the Kansas statute, whereas her action could legally

rest only upon the federal Employers' Liability Act of 1908, which requires the action to be brought in the name of the personal representative of the deceased; that the plaintiff's amended petition, in which for the first time she set up a right to sue as administratrix, alleged an entirely new and distinct cause of action; and that such an amendment could not lawfully be allowed, so as to relate back to the commencement of the action, inasmuch as the plaintiff's cause of action was barred by the limitation of two years before she undertook to sue as administratrix.

"It seems to us, however, that, aside from the capacity in which the plaintiff assumed to bring her action, there is no substantial difference between her original and amended petitions. In the former, as in the latter, it was sufficiently averred that the deceased came to his death through injuries suffered while he was employed by the defendant railroad company in interstate commerce; that his death resulted from the negligence of the company and by reason of defects in one of its locomotive engines, due to its negligence; and that, since the deceased died unmarried and childless, the plaintiff, as his sole surviving parent, was the sole beneficiary of the action. It is true the original petition asserted a right of action under the laws of Kansas, without making reference to the act of Congress. But the court was presumed to be cognizant of the enactment of the Employers' Liability Act, and to know that, with respect to the responsibility of interstate carriers by railroad to their employees injured

in such commerce after its enactment, it had the effect of superseding State laws upon the subject. Second Employers' Liability Cases (*Mondou* v. *New York, N. H. & H. R. R. Co.*), 223 U. S., 1, 53, 32 Sup. Ct., 169, 56 L. Ed., 327, 347, 38 L. R. A. (N. S.), 44. Therefore the pleader was not required to refer to the federal act, and the reference actually made to the Kansas statute no more vitiated the pleading than a reference to any other repealed statute would have done.

"It is true that, under the federal statute, the plaintiff could not, although sole beneficiary, maintain the action except as personal representative. So it was held in *American R. Co.* v. *Birch,* 224 U. S., 547, 32 Sup. Ct., 603, 56 L. Ed., 879. But in that case there was no offer to amend by joining or substituting the personal representative, and this court, while reversing the judgment, did so without prejudice to such rights as the personal representatives might have. The decision left untouched the question of the propriety of such an amendment as was applied for and allowed in the case before us—an amendment that, without in any way modifying or enlarging the facts upon which the action was based, in effect merely indicated the capacity in which the plaintiff was to prosecute the action. The amendment was clearly within section 954, Rev. Stat. [U. S. Comp. St. 1913, sec. 1591.]

"Nor do we think it was equivalent to the commencement of a new action, so as to render it subject to the two-year limitation prescribed by section 6 of the Employers' Liability Act. The change was in form rather

than in substance. *Stewart* v. *Baltimore & O. R. Co.,* 168 U. S., 445, 18 Sup. Ct., 105, 42 L. Ed., 537. It introduced no new or different cause of action, nor did it set up any different state of facts as to the ground of action, and therefore it related back to the beginning of the suit. *Texas & P. R. Co.* v. *Cox,* 145 U. S., 593, 603, 12 Sup. Ct., 905, 36 L. Ed., 829, 832; *Atlantic & P. R. Co.* v. *Laird,* 164 U. S. 393, 395, 17 Sup. Ct., 120, 41 L. Ed., 485, 486. See, also, *McDonald* v. *Nebraska,* 41 C. C. A., 278, 101 Fed., 171, 177, 178; *Patillo* v. *Allen-West Commission Co.,* 65 C. C. A., 508, 131 Fed., 680; *Reardon* v. *Balakala Consol. Copper Co.* (C. C.), 193 Fed., 189. Reliance is placed by plaintiff in error upon *Union P. R. Co.* v. *Wyler,* 158 U. S., 285, 15 Sup. Ct., 877, 39 L. Ed., 983."

There was in the present case no amendment of the declaration, so as to enable us to sustain the right of action in this case under authority of the *Wulf Case,* supra. Clearly, then, the present case, as to the right of the plaintiff to maintain her suit in the character, capacity, and right in which she sued, must fall under and be governed by the authority of *American Railroad Co.* v. *Birch,* supra. There can be no doubt, upon the averments of plaintiff's pleadings and the facts as developed on the trial, but that plaintiff's husband, Bonham, was at the date of his death engaged in interstate commerce within the meaning of the Employers' Liability Act, as that act was construed by the supreme court of the United States in *Martin Pedersen* v. *Delaware, Lackawanna & Western R. Co.,*

229 U. S., 146, 33 Sup. Ct., 648, 57 L. Ed., 1125, Ann. Cas., 1914C, 153. In that case, it appeared that the defendant was operating a railroad for the transportation of passengers and freight in interstate and intrastate commerce, and the plaintiff was an ironworker employed by the defendant in the operation and repair of some of its bridges and tracks at or near Hoboken, N. J. In the afternoon of his injury, the plaintiff and another employee, acting under the direction of their foreman, were carrying from a tool car to a bridge known as the Duffield bridge some bolts or rivets, which were to be used by them that night, or very early the next morning, in repairing that bridge, the repairing to consist in taking out an existing girder and inserting a new one. The bridge could be only reached by passing over an intervening temporary bridge at James avenue. These bridges were being regularly used in both interstate and intrastate commerce. While the plaintiff was carrying a sack of bolts or rivets over the James avenue bridge, on his way to the Duffield bridge, he was run down and injured by an intrastate passenger train of the approach of which its engineer negligently failed to give any warning. It was held by the majority of the court that, under the foregoing facts, the plaintiff in that case was engaged in interstate commerce within the meaning of the Employers' Liability Act, and the present case clearly falls within the authority of *Pedersen Case,* supra.

It is, however, insisted for the plaintiff in the present case that the question as to her right to maintain the present action was not made in the trial court by the motion for the peremptory instruction, and in aid of this insistence it is urged that the motion for a new trial made by the railway company does not specifically call the trial court's attention to the point now under consideration. This insistence, however, is well met by the language used in the opinion of the court in the *Wulf Case,* supra, where it is said:

"It is true, the original petition asserted a right of action under the laws of Kansas, without making reference to the act of Congress. But the court was presumed to be cognizant of the enactment of the Employers' Liability Act, and to know that, with respect to the responsibility of interstate carriers by railroad to their employees injured in such commerce after its enactment, it had the effect of superseding State laws upon the subject"—citing cases already heretofore appearing in the quotation of this part of the opinion.

Therefore we think the question was made by the motion for a peremptory instruction, and was called to the attention of the trial court by the motion for a new trial, which complained of the action of the trial court in its failure to grant the peremptory instruction. Aside from all this, under the authority of *American R. Co.* v. *Birch,* supra, the record here presents a fatal lack of a party absolutely indispensable to the validity of the judgment, and of course it results that the judgment must be reversed, and the cause

Railroad v. Bonham.

remanded to the circuit court of Morgan county; but, following the precedent laid down by the supreme court of the United States in *American R. Co.* v. *Birch*, supra, and the decision of that court in the *Wulf Case*, supra, the judgment in the present case is reversed, without prejudice to such rights as the personal representative of deceased· may have.