## Louisville & Nashville Railroad Company v. Mullins' Administratrix.

(Decided June 14, 1918.)

## Appeal from Rockcastle Circuit Court.

1.  Master and Servant—Employers' Liability Act—When Servant is
    Engaged in Interstate Commerce.—An employee of an interstate
    carrier whose duty it was to look after, repair and maintain the
    electric signals for the purpose of facilitating the movement of
    interstate trains, and who was killed while returning to his home,
    after his day's work, on a tricycle furnished by the carrier, was
    at the time of the accident employed in interstate commerce
    within the meaning of the Federal Employers' Liability Act.

2.  Master and Servant—Action for Death—Negligence—Sufficiency
    of Evidence.—In an action for the death of a signal maintainer
    against a railroad company, held that there was sufficient evidence
    that the headlight on the engine, which struck and killed him,
    was not burning, and that the absence of the headlight was one
    of the contributing causes of his death to make this a question
    for the jury.

3.  Master and Servant—Railroads—Signal Maintainer—Duty to Main-
    tain Headlight.—When it is dark a railroad company owes to
    its signal maintainer the duty to maintain a headlight on its
    engines.

4.  Master and Servant—Employers' Liability Act—Railroads—Con-
    tributory Negligence—Effect.—Where the negligence of a rail-
    road in not maintaining a headlight on its engine contributes to
    the death of a signal maintainer, the contributory negligence of
    the deceased does not defeat the cause of action, but only lessens
    the damages.

5.  Master and Servant—Negligence of Master—Assumption of Risk.
    —The servant never assumes the risk of the master's negligence
    unless he knows of the negligent act and appreciates the danger,
    or the negligent act and consequent danger are so obvious that a
    person of ordinary prudence in his situation would have observed
    the one and appreciated the other.

6.  Master and Servant—Railroads—Absence of Headlight—Signal
    Maintainer—Assumption of Risk.—A signal maintainer in the
    employ of a railroad does not assume the risk of the company's
    failure to maintain a headlight, since he has no opportunity to
    observe the absence of a headlight and appreciate the danger.

ASHLEY WARREN, JOHN W. BROWN, C. C. WILLIAMS and
BENJAMIN D. WARFIELD for appellant.

L. L. WALKER and BETHURUM & LEWIS for appellee.

Opinion of the Court by William Rogers Clay, Com-
missioner—Affirming.

Frank Mullins, an employee of the Louisville & Nashville Railroad Company, was struck by one of its trains and killed. He was survived by his widow and three infant children. His widow qualified as his administratrix and brought this suit under the Federal Employers' Liability Act to recover damages for his death. The jury returned a verdict in favor of plaintiff for $5,000.00, and apportioned $2,000.00 to the widow and $1,000.00 to each of the infant children. Judgment was entered accordingly and the railroad company appeals.

On the division where the accident occurred the railroad company's line is double tracked and the block signal system is maintained. Deceased, who was 39 years of age, had been in the company's employ for thirteen months, was a signal maintainer, and it was his duty to look after, repair and maintain the electric signals on that portion of the company's road extending from Berea, in Madison county, to Sinks, in Rockcastle county, a distance of twenty miles. From Berea to Snider, where deceased lived, is about five miles, and from Snider to Sinks about fifteen miles. Mullins tunnel, where the deceased was killed, is about a mile north of Sinks, and fourteen miles from Snider. On the morning of the day of the accident deceased left his home at Snider about 9 o'clock to attend to his duties. For this purpose he was furnished a tricycle. The last signal on the southern end of his section was about 10 yards below Mullins station. A few minutes before he was killed, he was seen in a telephone booth immediately south of the tunnel. When he reached the mouth of the tunnel on his tricycle he was struck by the company's fast passenger train from the south, and his body was found in the tunnel, about sixty feet from the mouth. His tools and portions of his tricycle were scattered about the tunnel. The accident occurred at 4:28 p. m., December 17, 1915, and it was then dark and rainy. The train was on time. Though the train operatives testified to the contrary, there was evidence to the effect that the headlight on the engine was not burning at the time of the accident.

Besides other instructions on the measure of damages, contributory negligence, assumed risk, etc., the trial court instructed the jury in substance that it was the duty of the railroad company to keep and maintain a headlight, properly lighted, upon the front of its en-

gine when running in the dark, and if they believed from the evidence that the deceased, Frank Mullins, at the time he was struck and killed by defendant's train, was upon defendant's track in the usual course of his employment, and that it was dark and the defendant's agents and employes in charge of the engine negligently failed to have the headlight on the front of the engine burning in its usual and customary manner, and that by reason thereof plaintiff was struck and killed by said train, then they should find for plaintiff.

The point is made that the case is not governed by the Federal Employers' Liability Act, because the petition alleges that the decedent was en route to his home at the time of the accident, and there was no evidence tending to show that he was authorized to use the tricycle for that purpose. We are not, however, disposed to take such a narrow view of the question. The tricycle was furnished decedent for the purpose of performing his duties. To this end it was necessary for the tricycle to be conveniently near so that it could be used. It is not, therefore, to be presumed that his right to use it ended when he had inspected the signals. If this were the case, then the decedent, though several miles from home, would have had to remove the tricycle from the track, leave it unprotected, and either walk to his home or take the chance of catching a train. Not only so, but the next morning it would have been necessary for him to consume the time which he should have devoted to the performance of his duties in returning to the place where the tricycle was left. Hence we conclude that deceased's right to use the tricycle in returning to his home was fairly inferable from the fact that it was furnished him for the purpose of facilitating the performance of his work. We further conclude that his homeward journey was a necessary incident of his day's work, and that at the time of his death he was discharging a duty of his employment. And since the defendant was an interstate carrier, and deceased was engaged in work necessary to facilitate the movement of interstate trains, there can be no doubt that the company was engaged, and he was employed, in interstate commerce, at the time of his death, within the meaning of the Federal Employers' Liability Act. Erie R. Co. v. Winfield, 37 Sup. Ct. Rep. 556, 61 Law Ed. 1057; North Carolina R. Co. v. Zachary,

232 U. S. 248, 58 Law Ed. 591, Ann. Cas. 1914 C, 159; C. N. O. & T. P. Ry. Co. v. Bonham, 130 Tenn. 435, 171 S. W. 79; Louisville & N. R. R Co v Walker's Admr., 162 Ky. 209, 172 S. W. 517.

There was sufficient evidence that the headlight was not burning and that the absence of the headlight was one of the contributing causes of the death of the deceased, to make this question one for the jury, so it is necessary to determine whether the company was negligent in this respect. It may be conceded a railroad company does not owe to an employee, such as deceased, the duty to run its trains at a reasonable speed, or to give warning of their approach, or to keep a lookout. C. & O. Ry. v. Lang's Admr., 135 Ky. 76, 121 S. W. 993; L. H. & St. L. Ry. Co. v. Jolly's Admr., 28 Ky. Law Rep. 989; C. N. O. & T. P. Ry. Co. v. Yocum's Admr., 137 Ky 117, 123 S. W. 247. It may further be conceded that a railroad company does not owe to a trespasser the duty of maintaining a headlight on its engine. Eastern Kentucky Ry. Co. v. Powell, etc., 17 Ky. Law Rep. 1051. Here, however, the deceased was neither a trespasser nor a bare licensee, but an employee who was rightfully on the track. While it is true that it was his duty to exercise ordinary care to learn of the approach of trains and to keep out of their way, yet the nature of his employment and the conditions under which he worked, were such that he necessarily had to be on the track when trains were approaching. In the daytime it would be an easy matter to see the train, but if it was dark, and no headlight was maintained, he would be deprived of the best and in many instances the only means of seeing the train. In view of the fact that the law casts on such an employee the duty to discover the train and keep out of its way, it seems to us that there is a corresponding duty on the part of the railroad company to furnish the means by which an approaching train may be discovered. If the rule were otherwise, either the greater portion of such an employee's time would be consumed in idleness or he would be in constant danger of being run over in the night time by trains which he could not see in time to get out of their way. We therefore conclude that the trial court did not err in holding that the company owed to the deceased the duty of maintaining a headlight on its engine. C. N. O. & T. P. Ry. Co. v. Yocum's Admr.,

*supra,* and in authorizing a recovery if its failure to do so was one of the contributing causes of his death.

The argument that a peremptory should have gone because the deceased was guilty of contributory negligence in not ascertaining from his time-card or from the signal lights that a train was on the block which he had entered, loses its force when it is decided that the company in not maintaining a headlight was guilty of negligence contributing to his death. Under these circumstances the contributory negligence of the deceased did not defeat the cause of action, but only lessened the damages. It is only where the negligence of the deceased is the sole cause of his death that the defendant is free from liability under the Federal Employers' Liability Act. Louisville & N. R. R. Co. v. Heinig's Admr., 162 Ky. 14, 171 S. W. 853; Pennsylvania R. R. Co. v. Cole, 214 Fed 948, 131 C. C. A. 244; Grand Trunk R. Co. v. Lindsay, 233 U. S. 42, 34 Sup. Ct. 581, 58 Law Ed. 838, Ann. Cas. 1914 C, 168.

Of course the doctrine of assumed risk does not apply if the defendant was guilty of negligence in not maintaining a headlight, for the servant never assumes the risk of the master's negligence unless he knows of the negligent act and appreciates the danger, or the negligent act and consequent danger are so obvious that a person of ordinary prudence in his situation would have observed the one and appreciated the other. Chesapeake & O. R. Co. v. DeAtley, 241 U. S. 310, 60 Law Ed. 1016. Here there was not the slightest opportunity to observe the absence of a headlight and appreciate the danger. On the contrary the danger itself was created and concealed by the negligent act of the defendant.

The instruction on the measure of damages conforms substantially to the rule laid down in Chesapeake & O. R. Co. v. Kelly, 241 U. S. 485, 60 Law Ed. 1117, 36 Sup. Ct. Rep. 630, and the other instructions are not subject to complaint.

Judgment affirmed.