## PORTO RICO RAILWAY, LIGHT, & POWER COMPANY

*v.*

## MANUEL CAMUÑAS ET AL.

---

San Juan, Equity, No. 1021.

LOCAL WORKMEN'S ACCIDENT COMPENSATION ACT.

Proceeding in Equity—Adequate Remedy at Law.
1. A suit to recover back assessments, such as insurance premiums,

Porto Rico R. Light, & P. Co. v. Camuñas.

which can be brought only in the local court, is not adequate remedy at law as to a nonresident.

Second Federal Employers' Liability Act—Extent.
2. The Federal Employers' Liability Act not only covers all within the scope of its words, but enacts a system which cannot be interfered with or added to by local legislation.

Second Federal Employers' Liability Act—Repeal.
3. Repeal by implication is not favored, but repeal of a general system carries with it all necessary parts. The repeal of the Safety Appliance Act, however, does not carry with it that of the Employer's Liability Act.

Organic Act of Porto Rico—Police Power.
4. The provision in the Bill of Rights as to nonlimitation of the power to enact laws for the protection of life, health, and safety is a proviso upon the preceding clause as to taking or damaging private property. Congress has not devested itself of sovereign powers in favor of Porto Rico.

Local Workmen's Accident Compensation Act—Reports.
5. Reports are required by the local Workmen's Accident Compensation Act for the purposes of that act, and therefore do not apply to a corporation subject to the Federal law.

Constitutional Law—Due Process of Law.
6. The question whether the Workmen's Accident Compensation Act provides due process of law is not decided.

Opinion filed January 5, 1920.

---

*Mr. Henri Brown* for plaintiff.

*Messrs. Salvador Mestre,* Acting Attorney General, and *Edmond Block* for defendants.

HAMILTON, Judge, delivered the following opinion:

This is a suit by a railway corporation seeking to enjoin the

Porto Rico R. Light, & P. Co. v. Camuñas.

Workmen's Relief Commission of Porto Rico from enforcing against it the local Workmen's Accident Compensation Act approved February 25, 1918. Laws of Porto Rico 1918, p. 54. The particular part of the act complained of is a semi-annual insurance premium of $4,560.18, and the making of reports. A restraining order was duly issued, and upon its return the plaintiff moves for a temporary injunction, and the defendants move to dismiss the bill on the ground that the plaintiff has an adequate remedy at law, that the Federal Employers' Liability Act upon which the plaintiff relies is not in force in Porto Rico, and if it were there would still be the obligation to file reports.

1. Taking up first the question of adequate remedy at law, it is set up that the plaintiff under this law in question may pay the premium assessed and sue to recover back. §§ 11 and 12. The procedure is analogous to that for the recovery of taxes paid under protest, and therefore would conform to the rule announced by the local Supreme Court, that this kind of a suit being to recover money in the government treasury is a suit against the sovereign and allowable therefore only so far as the sovereign permits, that is to say, under the law in question by suit in the insular courts. Sauri v. Sepulveda, 25 Porto Rico Dec. 242. If this is to be adopted as a proper construction of the law, it cannot be called an adequate remedy at law for a nonresident, who has a constitutional right to sue in the national courts. The suit in question is not in any sense one against the sovereign, as held by the circuit court of appeals in the case of New York & Porto Rico S. S. Co. against these defendants on another branch of the act, but is one against individuals who on the allegations of the bill are threatening a

Porto Rico R. Light, & P. Co. v. Camuñas.

wrong to plaintiff. Whether they are protected by law or not in the doing of this wrong is the question in the case, but at all events it is not a suit against the sovereign. Bouret v. Benedicto. (Mss.)

2. The plaintiff claims to be subject to what is known as the Second Employers' Liability Act, being "An Act Relating to the Liability of Common Carriers to Their Employees in Certain Cases," approved April 22, 1908, 35 Stat. at Large, 65. This act in § 2 expressly applies by its terms to every common carrier by railway in the territories, the District of Columbia, the Canal Zone, and other possessions of the United States. The object of the act is to establish a system in regard to the liability of railroad carriers in relation to their employees. So far as it covers the subject it is to be regarded as exclusive. It has been decided that local liability acts cannot be permitted to conflict with the national act. Not even a railroad company can serve two masters. New York C. R. Co. v. Winfield, 244 U. S. 147, 61 L. ed. 1045, L.R.A.1918C, 439, 37 Sup. Ct. Rep. 546, Ann. Cas. 1917D, 1139, 13 N. C. C. A. 680. Apart from the wording of the act, there is no question that it applies to Porto Rico, as has been expressly decided in American R. Co. v. Birch, 224 U. S. 547, 56 L. ed. 879, 32 Sup. Ct. Rep. 603 and American R. Co. v. Didricksen, 227 U. S. 147, 57 L. ed. 456, 33 Sup. Ct. Rep. 224. The dissenting opinion of Mr. Justice Brandeis in the Winfield Case sought to establish a combined liability of interstate carriers, the local law applying where the points were not covered by the national law. This, however, was repudiated by the Supreme Court. The rule has long been established that where Congress legislates all local law is superseded, and indeed as to interstate commerce it has

Porto Rico R. Light, & P. Co. v. Camuñas.

been held that the absence of legislation by Congress is a declaration that, except as to local aids to commerce, there shall be no local legislation. The recent trend in labor legislation has been to establish many rules for the protection of working men, as to safety appliances, hours of labor, and other regulations, both state and national. The present suit is one of those growing out of the doubt how far this desirable end can be met by concurrent legislation. It may be regarded as settled, however, that when Congress speaks local legislation on the same subject ceases to have any effect. This goes so far in the matter of the Workmen's Relief Law as to limit all legislation on the subject as to negligence. Local legislation may cover other occupations than that of railroads, but it cannot cover any question connected with the operation of railroads. The theory is that Congress has by the Employers' Liability Act limited the liability to negligence. Congress having thus fully covered the subject of personal injury suffered by employees, no room exists for local legislation even in respect to injuries occurring without fault, as to which the Federal act provides no remedy. New York C. R. Co. v. Winfield, supra.

3. In the case at bar, however, it is contended that the Federal Employers' Liability Act has been repealed as to Porto Rico. The Organic Act of March 2, 1917, recognizes differences of condition between Porto Rico and the mainland of the United States, and declares several national acts inapplicable to the Island. Thus in § 38 the Interstate Commerce Act and the Safety Appliance Act, with their amendments, are declared not to apply to Porto Rico, many of the subjects covered by this legislation being relegated to a local public service commission. It is contended in the case at bar that the Employers' Liability

PORTO RICO

Act of 1908 has necessarily been repealed through the repeal of these other acts. There is no doubt that the principle of repeal by implication is not favored, but there is as little doubt that repeal of a general system carries with it all necessary parts. In the case at bar it is argued that among important parts of the Employers' Liability Act of 1908 are the provisions as to contributory negligence not being a complete defense and the exclusion of the defense of the assumption of risk. The argument, therefore, is that Congress must, under the Jones Act, have intended to exclude Porto Rico from the operation of the Federal Employers' Liability Act altogether because the repeal as to Porto Rico of the Safety Appliance Act would make unavailable in Porto Rico the proviso of § 3, that there is no contributory negligence where legal safety appliances are absent, and make also unavailable § 4, which provides that there can be no defense of the assumption of risk where the Safety Appliance Act has been violated. The Safety Appliance Act and the Employers' Liability Act are closely connected, as was pointed out in the Didricksen Case, supra. The Supreme Court declares it is not easy to see how effect in Porto Rico can be given to the Employers' Liability Act of 1908 without concluding that the Safety Appliance Act of 1903 is also in force there, since the Employers' Liability Act expressly refers to the Safety Appliance provisions. Nevertheless, the right was exercised by the Interstate Commerce Commission of excusing the railroads in Porto Rico from compliance with the Safety Appliance Act for certain periods, and indeed some railroads in Porto Rico were never compelled to comply with the Safety Appliance Act. The Safety Appliance Act and the Employers' Liability Act are connected, but they are not essential to each

other.  Porto Rico v. American R. Co. 165 C. C. A. 589, 254 Fed. 369, 371; New York C. R. Co. v. White, 243 U. S. 188, 198, 61 L. ed. 667, 672, L.R.A.1917D, 1, 37 Sup. Ct. Rep. 247, Ann. Cas. 1917D, 629, 13 N. C. C. A. 943.  The point of view adopted by the Commission was that the freight traffic in Porto Rico was largely the hauling of sugar cane, which did not call for the same kind of care, and the same kind of appliances as were proper in the states in general freight traffic. It would seem that Congress has by legislation adopted this view and extended it further to all trains, so far as national legislation is concerned.

4. The Jones Act in the Bill of Rights adopts the modern tendency towards the protection of labor in several respects, such as the eight-hour day and the employment of children. There is also the provision that "nothing contained in this act shall be construed to limit the power of the legislature to enact laws for the protection of the lives, health, or safety of employees."  The debates of Congress cannot be looked at to ascertain the intention of Congress, but may be resorted to as a means of ascertaining the environment at the time of the enactment of a particular law, that is, the history of the period when it was adopted.  Standard Oil Co. v. United States, 221 U. S. 1, 55 L. ed. 619, 34 L.R.A.(N.S.) 834, 31 Sup. Ct. Rep. 502, Ann. Cas. 1912D, 734; United States v. Trans-Missouri Freight Asso. 166 U. S. 290, 41 L. ed. 1007, 17 Sup. Ct. Rep. 540. These proceedings show that this proviso in the Bill of Rights was adopted as a limitation upon the preceding clause prohibiting the taking or damaging of private property for public use except upon just compensation, that is to say, that local laws for the protection of lives, health, or safety of employees should

not be. construed as violating this provision against taking or damaging private property. Even if the wording "nothing contained in the act shall be construed to limit" this local police power should be extended to the whole act, it is not at all clear that the protection of lives, health, or safety of employees could be held to exclude the operation of the Federal Employers' Liability Act. The Federal act by its terms applies only to the carriers by railway, and leaves a very wide field open for local legislation. The argument is that the repeal of the Federal Safety Appliance Act leaves the field open for a local Safety Appliance Act, and that this has been covered by the local act now in question. The policy of Congress towards Porto Rico has been liberal, and in recognition of many supposed local needs; but it is not to be construed as going to the extent of considering Porto Rico as an independent state. Congress has not devested itself of sovereign powers in favor of Porto Rico. Porto Rico is not to be considered as having more powers than a state of the American Union. Such a construction might be disastrous for the development of American institutions in Porto Rico, and certainly is not required by the legislation in question. No reason appears why the same rule is not to be applied in Porto Rico as in the much greater political entity known as the state of New York, that is to say, under the Winfield case it must be held that where Congress enters the field of commercial legislation, the national provisions must be held not only as supreme, but as excluding any supplemental legislation by the local authorities. The local act in question has many wise provisions, and these still remain in full effect and operation as to all local enterprises and employments.

5. It is perhaps not so clear as to the reports required by the

Porto Rico R. Light, & P. Co. v. Camuñas.

local act complained of by the bill in this case. These reports, however, required by § 13, seem to be for the objects stated in the bill, that is to say, to ascertain the number of employees, amount of pay roll, and the like, upon which is to be based the insurance premium and other regulations of the act, all enforced by penalties. It is difficult to see what would be the scope of this provision if the rest of the bill is not to apply to the plaintiff, and it would seem to follow that this is part of the whole scheme and system of the bill and without application to the plaintiff.

6. It is argued by the plaintiff that the act is unconstitutional in that the assessment of premiums under §§ 10 and 11 is ex parte on the part of the Workmen's Relief Commission, and that, as no hearing is provided for the employer, the procedure amounts to a deprivation of due process of law. Chicago, M. & St. P. R. Co. v. Minnesota, 134 U. S. 418, 33 L. ed. 970, 3 Inters. Com. Rep. 209, 10 Sup. Ct. Rep. 462, 702. A decision of this point does not appear to be necessary upon the hearing of the motion to dismiss. Being a question of constitutionality, it can be taken up later if it appears necessary. If made now it might affect pro or con the rights and liabilities of local employers and employees within the scope of the act in question, and so it will appear better not to consider it at the present time.

It follows that the motion to dismiss is not well taken and must be overruled. The motion for preliminary injunction will be granted.

It is so ordered.