COX, Circuit Judge,
specially concurring:
I join Judge Vinson’s opinion for the court except for Section IV. I concur in *891 the court’s judgment on this appeal, but I have some reservations about Section TV’s analysis.
The threshold issue in this case is not whether the Plaintiffs have capacity to sue. It is whether these Plaintiffs have a cause of action under the Federal Tort Claims Act—whether, in other words, the Plaintiffs have a “right that can be enforced by legal action.” Black’s Law Dictionary 1438 (9th ed. 2009); cf. Am. R.R. Co. of Porto Rico v. Birch, 224 U.S. 547, 557-58, 32 S.Ct. 603, 606, 56 L.Ed. 879 (1912) (comparing two death benefits statutes, one of which gave a “right of action” to a personal representative only and the other of which gave a cause of action to surviving spouses, children, and parents). The concept of capacity of sue under Fed.R.Civ.P. 17(b) and that of who has a cause of action are distinct concepts. See Charles Alan Wright, et al., 6A Federal Practice and Procedure § 1559 (3d ed. 1998) (“Capacity has been defined as a party’s personal right to come into court, and should not be confused with the question of whether a party has an enforceable right or interest .... ”). Rule 17(b) is a procedural rule that does not decide who has a cause of action and who does not. See De Franco v. United States, 18 F.R.D. 156, 159 (S.D.Cal.1955) (explaining that the question of capacity to sue “raises only the question of whether the plaintiff is free from general disability such as infancy, insanity or some other form of incompetency,” and that a lack of capacity would not “preclude one from possessing a cause of action”). A party cannot properly use Rule 17(b) to challenge an opponent’s cause of action.
The principal issues in this case are (1) whether Texas law applies to determine whether these Plaintiffs have a cause of action under the Federal Tort Claims Act, and (2) if so, whether these Plaintiffs have a cause of action for wrongful death under the Federal Tort Claims Act. I have no doubt that this court correctly concludes that Texas law applies and that these Plaintiffs have a cause of action under the Federal Tort Claims Act that is supplied by the Texas wrongful death statute.
That being the case, they have the capacity to sue within the meaning of Rule 17(b). No issue questioning their capacity is presented. I therefore find it unnecessary to decide whether Rule 17(b) applies in a case under the Federal Tort Claims Act, and I would save this issue for another day. If, for example, one of these Plaintiffs was a minor or an incompetent person (which is not the case), perhaps Rule 17(b) is applicable. We need not decide that question here.